UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PARKCREST BUILDERS, LLC**                                CIVIL ACTION

**VERSUS**                                                 NO: 15-150
                                                           *C/W 15-1531*
                                                           *Pertains to 15-150*

**HOUSING AUTHORITY OF NEW**                               SECTION: "G" (1)
**ORLEANS (HANO)**

## ORDER

Before the Court is Liberty Mutual Insurance Company's ("Liberty") "Motion to Lift Stay."[1] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

On May 8, 2013, plaintiff, Parkcrest Builders, LLC ("Parkcrest"), entered into a contract with defendant, the Housing Authority of New Orleans ("HANO"), for the construction of the Guste III New Affordable Housing Units.[2] Because the project fell within the ambit of the Lousiana Public Works Act, Parkcrest was required to obtain a statutory performance and payment bond, which it obtained from Liberty.[3] During the course of the project, a dispute arose between Parkcrest and HANO, and Parkcrest appointed an arbitrator to resolve the dispute

---

[1] Rec. Doc. 52.

[2] Rec. Doc. 1.

[3] Rec. Doc. 52 at 1–2.

1

pursuant to the dispute resolution clause of the contract.[4] However, HANO refused to participate in arbitration.[5] Thus, on January 22, 2015, Parkcrest filed this action seeking an order compelling HANO to participate in arbitration.[6]

On April 2, 2015, Parkcrest filed a motion to compel arbitration, arguing that HANO is required to submit the dispute to arbitration pursuant to the contract and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*[7] HANO opposed the motion.[8] On January 13, 2016, this Court ruled that the arbitration provision in the contract was valid and enforceable.[9] On January 25. 2016, this Court stayed and administratively closed the case pending resolution of the arbitration.[10]

In the interim, HANO terminated Parkcrest from the project, and HANO and Libterty executed a Takeover Agreement for completion of the project.[11] After this Court granted the motion to compel arbitration, Liberty sought to intervene in the pending arbitration between Parkcrest and HANO to assert claims against HANO related to the Takeover Agreement and the

---

[4] Rec. Doc. 1-7.

[5] Rec. Doc. 14.

[6] Rec. Doc. 1.

[7] Rec. Doc. 14-1.

[8] Rec. Doc. 18.

[9] Rec. Doc. 47.

[10] Rec. Doc. 48.

[11] Rec. Doc. 52 at 2.

termination of Parkcrest from the project.[12] On July 28, 2016, the arbitrator granted Liberty's motion to intervene in the arbitration.[13]

The arbitration is currently in the discovery phase, and a two-week arbitration is scheduled to begin on October 1, 2019.[14] On June 4, 2018, at the request of Liberty, the arbitrator issued a subpoena duces tecum commanding Gibbs Construction, LLC ("Gibbs") to appear before the arbitrator with documents relating to the project, including "job cost reports" and "labor cost reports."[15] Gibbs subsequently requested an extension of time to respond to the subpoena, which was granted and the subpoenaed documents were to be produced by August 12, 2018.[16] According to Liberty, on August 16, 2018, Gibbs partially responded to the subpoena providing nearly 100,000 pages of documents.[17] However, after reviewing the responses, Liberty asserts that Gibbs did not produce its job cost reports and labor cost reports, which were specifically requested in the summons.[18] Liberty contends that this withheld information is highly relevant and necessary for Liberty to accurately analyze the cost and scope of the work performed by Gibbs and to provide a comprehensive analysis to defend against the claim.[19]

---

[12] *Id.* at 3.

[13] *Id.*

[14] *Id.*

[15] *Id.* at 4.

[16] *Id.* at 5.

[17] *Id.*

[18] *Id.*

[19] *Id.*

According to Liberty, it requested that Gibbs produce the omitted documents, and on March 22, 2019, in response counsel for Gibbs "delinquently provided objections to Liberty's subpoena."[20]

On May 16, 2019, Liberty filed the instant motion to lift stay, requesting that the stay in these proceedings be lifted so that it can intervene in these proceedings and file a motion to compel against Gibbs.[21] HANO opposes the motion.[22]

## II. Parties' Arguments

### A. *Liberty's Arguments in Support of the Motion to Lift Stay*

Liberty argues that the subpoena was issued pursuant to the Federal Arbitration Act, and the proper venue to enforce an FAA subpoena is the United States District Court for the district in which the arbitrator is sitting.[23] Liberty asserts that the arbitrator is sitting within the Eastern District of Louisiana.[24] Therefore, Liberty contends that this Court has authority to enforce the subpoena issued by Liberty in the arbitration that was ordered by this Court.[25] Accordingly, Liberty requests that the stay be lifted so that it can seek leave to intervene in these proceedings and file a motion to compel against Gibbs.[26]

---

[20] *Id.*

[21] *Id.* at 6.

[22] Rec. Doc. 58.

[23] Rec. Doc. 52-7 at 4 (citing 9 U.S.C. § 7).

[24] *Id.*

[25] *Id.*

[26] *Id.*

4

### B. HANO's Arguments in Opposition to the Motion to Lift Stay

HANO contends that the motion to lift the stay should be denied because lifting the stay would inevitably delay the arbitration proceedings.[27] HANO notes that the arbitration scheduling order provided that the period for written discovery closed on December 13, 2018.[28] Therefore, HANO asserts that Liberty's request to enforce the subpoena is untimely.[29]

HANO notes that this Court has wide discretion to grant stays and regulate the flow of cases.[30] Additionally, HANO contends that "[a]rbitrators must be given discretion to determine whether additional evidence is necessary or would simply prolong the proceedings.'"[31] Furthermore, HANO argues that federal courts have consistently held that objections to subpoenas first must be heard and determined by the arbitrator before whom subpoena was returnable.[32]

HANO asserts that Liberty has offered no evidence that either Liberty or Gibbs sought a decision from the arbitrator as to whether Gibbs fulfilled its obligations under the subpoena.[33] HANO contends that Liberty had an obligation to bring this matter to the arbitrator for a

---

[27] Rec. Doc. 58 at 2.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 2–3.

[31] *Id.* at 3 (quoting *Petroleum Transp., Ltd. Ionian Challenger v. Yacimientos Petroliferos Fiscales*, 419 F.Supp. 1233, 1235 (S.D.N.Y. 1976)).

[32] *Id.* at 4 (citing *Odfjell Asa v. Celanese AG*, 348 F.Supp.2d 283, 287–88 (S.D.N.Y. 2004); *American Federation of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Communications of Detroit, Inc.)*, 164 F.3d 1004, 1010 (6th Cir. 1999)).

[33] *Id.*

determination of whether Gibbs fully complied with Liberty's subpoena.[34] HANO contends that this Court is without jurisdiction to enforce the arbitrator's subpoena until the arbitrator decides that there are relevant documents to which Liberty is entitled.[35] Therefore, HANO argues that it would be a waste of time to lift the stay.[36] Furthermore, HANO asserts that the arbitrator could deny Liberty because the discovery deadline has passed.[37]

Additionally, HANO notes that Liberty is not a party to this litigation.[38] HANO contends that "[l]ifting the stay issued in this case for the sole purpose of potentially enforcing an arbitration subpoena just does not make any sense, either procedurally or for judicial efficiency sake."[39] HANO argues that lifting the stay would fundamentally alter the nature of the case, and potentially impact the pending arbitration hearing date, set for October 1, 2019.[40] If the stay is lifted, HANO asserts that the matter of whether the subpoena was sufficiently responded to would have to be litigated, and because Gibbs claims privilege, trade secret and privacy over these documents, an in-camera review would likely be required.[41]

---

[34] *Id.* at 5.

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.* at 6.

[39] *Id.*

[40] *Id.*

[41] *Id.*

Finally, HANO contends that most federal circuits have held that courts can only enforce subpoenas to produce documents at the arbitration hearing, not pre-hearing discovery materials.[42] For these reasons, HANO requests that the Court deny Liberty's motion to lift the stay.[43] Additionally, HANO requests attorneys' fees for the time spent opposing this motion.[44]

### III. Law and Analysis

Pursuant to United States Supreme Court and Fifth Circuit precedent, it is well settled that a district court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[45] and that this authority includes the district court's wide discretion to grant or lift a stay in a pending matter.[46] "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"[47]

The FAA, as codified at 9 U.S.C. § 3, gives federal courts authority to stay litigation pending arbitration; it provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an

---

[42] *Id.* (citing *CVS Health Corp. v. Vividus*, 878 F.3d 703 (9th Cir. 2017); *Life Receivables Trust v. Syndicate 102 at Lloyds of London*, 549 F.3d 210 (2d Cir. 2008); *Hay Group Inc v. EBS Acquisition Corp*, 360 F.3d 404 (3d Cir. 2004)).

[43] *Id.*

[44] *Id.* at 7.

[45] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[46] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[47] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55).

agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[48]

This case was stayed and administratively closed pending arbitration. When a case is stayed pending arbitration, a district court retains jurisdiction over the case.[49] The FAA contemplates that federal district courts have authority to enforce subpoenas issued by arbitrators. Specifically, 9 U.S.C. § 7 provides that the arbitrator "may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case."[50] "[I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators. . . ."[51]

Liberty requests that the Court lift the stay for the limited purpose of allowing Liberty to intervene in the case to enforce a subpoena issued by the arbitrator. HANO contends that the motion to lift the stay should be denied because lifting the stay would delay the arbitration, Liberty did not challenge the subpoena before the arbitrator, and because most federal circuits

---

[48] 9 U.S.C. § 3.

[49] 9 U.S.C. § 3.

[50] *See Jolley v. Paine Webber Jackson & Curtis, Inc.*, 864 F.2d 402, 405 (5th Cir. 1989) ("While an order granting a stay postpones active litigation in the district court, it contemplates that the district court will retain jurisdiction to confirm, modify, or, in some cases, to renew the litigation despite the arbitration award.").

[51] *Id.*

have held that courts can only enforce subpoenas to produce documents at the arbitration hearing, not pre-hearing discovery materials.[52] The Court finds HANO's argument that lifting the stay would delay the arbitration unavailing. Liberty requests that the stay be lifted for the sole purpose of allowing it to intervene and seek to compel Gibbs to comply with the arbitrator's subpoena. HANO has not shown that it will be unable to prepare for the arbitration while this discovery dispute is addressed by the Court. Furthermore, HANO's arguments regarding Liberty's failure to challenge the subpoena before the arbitrator and the enforceability of the subpoena go to the merits of the motion to compel production that Liberty anticipates filing. Therefore, the Court finds that these arguments would be better addressed after full briefing by the parties on these issues. Accordingly,

**IT IS HEREBY ORDERED** that Liberty's "Motion to Lift Stay"[53] is **GRANTED.** The stay is lifted for the limited purpose of addressing Liberty's motion to intervene and its anticipated motion to compel.

**NEW ORLEANS, LOUISIANA,** this __21st__ day of May, 2019.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[52] Rec. Doc. 58 at 3–6 (citing *CVS Health Corp. v. Vividus*, 878 F.3d 703 (9th Cir. 2017); *Life Receivables Trust v. Syndicate 102 at Lloyds of London*, 549 F.3d 210 (2d Cir. 2008); *Hay Group Inc v. EBS Acquisition Corp*, 360 F.3d 404 (3d Cir. 2004)).

[53] Rec. Doc. 52.